IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAZ ENCRYPTION TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-03267-K |
| BLACKBERRY LTD., and BLACKBERRY CORPORATION, | § § § | |
| Defendants. | § § | |

## MEMORANDUM ORDER

Before the Court is the Defendants' Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (Doc. No. 24). After careful consideration of the parties' briefing on the motion, the relevant law, and the pleadings in the case, the Court **GRANTS** the Motion in part and **DENIES** the Motion in part.

**A. Background**

On December 1, 2017, the Plaintiff, MAZ Encryption Technologies, LLC ("MAZ") filed this suit against Defendants, Blackberry LTD. and Blackberry Corporation (collectively "Blackberry"). In its complaint, MAZ alleges that Blackberry has infringed at least claim 1 of U.S. Patent No. 7,096,358 (the "'358 patent"). On, June 1, 2018, MAZ filed an Amended Complaint for Patent Infringement, in which MAZ again asserted that Blackberry has infringed the '358, but expanded MAZ's allegations of infringement to include claims 1, 4, 6, 7, 11, and 12.

On June 15, 2018, Blackberry filed the Defendants' Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), in which Blackberry asserted that this action should be dismissed with prejudice because the patent infringement claims are barred by claim preclusion.

**B. Blackberry's Motion To Dismiss**

The Defendants assert that all of the causes of action brought against them by MAZ in this litigation are barred by claim preclusion because the causes of action should have been brought in previous litigation between the parties.

There have been two previous patent litigation cases between the parties. One of these cases was filed in the District of Delaware in 2013. This case was *MAZ Encryption Technologies LLC v. Research in Motion Corporation*, Case No. 1:13-CV-00304. The parties refer to this case as MAZ I. In MAZ I, MAZ asserted that the Defendants infringed U.S. Patent No. 6,185,681 (the "'681 patent").

While MAZ I was pending, MAZ file another patent infringement suit against the Defendants. This case was *MAZ Encryption Technologies LLC v. Blackberry Ltd. and Blackberry Corporation*, Case No. 6:15-CV-1167, which was filed in the Eastern District of Texas. The parties refer to this case as MAZ II. In MAZ II, MAZ asserted that the Defendants infringed U.S. Patent No. 9,203,626 ("the '626 patent"). MAZ II was eventually transferred to the District of Delaware, where MAZ I was still pending.

The parties resolved MAZ I and MAZ II by settlement of both cases. As part of this settlement, the parties filed stipulations in which they requested that the Delaware

Court dismiss MAZ I and MAZ II with prejudice. The Delaware Court dismissed MAZ I and MAZ II with prejudice in response to the parties' request.

The issues in MAZ I and MAZ II overlapped because of the similarities between the asserted patents and the accused devices in the two cases. The asserted patents in MAZ I and MAZ II were not the same patents, but they are closely related patents. The patent in suit in MAZ I was the '681 patent. The patent in suit in MAZ II was the '626 patent. The '626 patent is related to the '681 patent by a series of continuation and continuation in part applications. MAZ I and MAZ II where also similar in that the accused devices in both cases were the same devices, which were the "Blackberry Enterprise Solution" and devices that operated this enterprise solution, like the Blackberry 10 series, Blackberry playbook. Defs.' Appx., Doc. No. 26 at 3, 12, 14, 18.

In the Motion, Blackberry argues that the patent infringement claims brought in this case as so close in nature to the claims and issues in both MAZ I and MAZ II that MAZ could have and should have brought these claims in either one of these lawsuits, and therefore these claims are barred by claim preclusion.

MAZ responds that the causes of action in this suit are not barred by claim preclusion because, through the terms and the effect of the MAZ I and MAZ II settlement agreement, Blackberry has waived the right to assert claim preclusion as a defense to the current lawsuit. MAZ also asserts that claim preclusion does not apply here because this suit involves infringement of the '358 patent, which was not asserted in either MAZ I or MAZ II and that claim preclusion does not apply to the causes of

action in this case because the scope of the asserted patent claims in this case is materially different than the scope of the claims asserted in MAZ I and MAZ II. Finally, MAZ also asserts that, even if claim preclusion applies to the claims asserted in this case, claim preclusion only applies to MAZ's causes of action that occurred before the stipulation of dismissal of MAZ I and MAZ II.

### C. Legal Standards

#### i. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief can be granted. To state a claim upon which relief can be granted, a complaint "must provide the plaintiff's ground for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A court must consider both the facts alleged in a complaint and the documents attached to or incorporated into the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Factual allegations must be taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But, legal conclusions in the complaint are given no deference. *Id.* If the factual allegations, when taken as true, fail to show that the plaintiff is entitled to any relief, the 12(b)(6) motion should be granted. A court may also consider any facts of which the court has taken judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

### ii. Claim Preclusion

Claim preclusion bars a party from asserting causes of action in a later suit that should have been brought in an earlier suit. *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010). This applies to both claims that were brought in the earlier suit and those that should have been brought in the earlier suit. *Id.* In patent litigation cases, the law of the district in which the case is pending controls the principles of claim preclusion, but whether a cause of action in a patent case is the same as a previously brought cause of action is determined under the law of the Federal Circuit. *Senju Pharm. Co., Ltd. v. Apotex Inc.*, 746 F.3d 1344 (Fed. Cir. 2014).

In the Fifth Circuit, the elements of claim preclusion are 1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; 2) the judgment in the prior case was rendered by a court of competent jurisdiction; 3) there has been a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits. *Duffie*, 600 F.3d at 372.

The transactional test is used to determine whether a cause of action is the same as another cause of action. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008). If there is a substantial overlap between the transactions of an earlier cause of action and the transactions of a later cause of action, then the later cause of action is normally barred by claim preclusion. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018). In patent cases, essential facts include the accused patents and the accused devices. *Id.* For claim preclusion to apply to a patent infringement cause of

action, it must be shown that the accused product from a previous lawsuit is essentially the same as the accused product in the second lawsuit. *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014).

A cause of action asserting a patent infringement claim may be barred by claim preclusion, even if that patent was not asserted in previous litigation, if the scope of the newly asserted patent claims is the same as the scope of the claims of a related patent asserted in the previous litigation. *Aspex Eyeware, Inc. v. Marchon Eyeware, Inc.*, 672 F.3d 1335, 1341 (Fed. Cir. 2012). The question is whether the scope of the asserted patent claims of the patent in the new suit are materially different than the scope of the claims of the patent that was asserted in the previous litigation. *Id.* If the scope of the claims is materially different, claim preclusion does not bar the second suit. *Id.* If the scope of the claims is not materially different, then the second cause of action is barred by claim preclusion. *Id.*

In addition, in the Fifth Circuit, what factual groupings make up a transaction is to be determined pragmatically giving weight to such consideration as whether the facts are related in time, space, origin, or motivation, whether they form a conventional trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016).

Claim preclusion usually only bars causes of action that were ripe at the time that the court rendered the judgment in the case where the claim was pending or should

have been brought. *Brain Life*, 746 F.3d at 1053-54. Claim preclusion only bars particular infringing acts that are accused in a first action or could have been made subject to that action. *Id.* Acts of infringement that occur after the final judgment of a case, could not have been brought in that case prior to the final judgment because they had not yet occurred at the time of entry of the final judgment. *Id.*

Parties may agree that claim preclusion will not bar a future cause of action. *Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1231 (Fed. Cir. 2006). If the parties have agreed in term or effect that an outstanding issue can be ligated in the future, then claim preclusion will not bar that future litigation. *Id.* If the parties want to divert from the normal rules of claim preclusion, they must do this by an express agreement. *Aspex*, 672 F.3d at 1346.

**D. Analysis**

The Court first addresses MAZ's assertion that, even if all of the elements are met, claim preclusion does not bar the current action because Blackberry agreed that the settlement would not bar future assertion of infringement of the '358 patent.

MAZ argues that the terms and the effect of the settlement agreement expressly prevent Blackberry from asserting the defense of claim preclusion. In support of this, MAZ points to terms of the settlement agreement that limit the patents licensed by Blackberry to the '681 and '626 patents and that state that the releases of the settlement agreement do not apply to any other patents besides the '681 and the '626 patents.

MAZ also argues that the negotiation process that resulted in the settlement agreement made clear that Blackberry was agreeing that claim preclusion would not apply to infringement claims based on the '358 patent. MAZ asserts that MAZ's initial offer was an offer of a license including the '681, '626, and '358 patents. The offer was actually a license for all MAZ's patents. Blackberry refused this offer and requested a license that was limited to only the patents that were in suit at that time, the '681 and '626 patents.

MAZ also points out that, at one point in the settlement process, Blackberry's attorneys had drafted a covenant not to sue that included a covenant that applied to all patents owned by MAZ. MAZ objected to the covenant not to sue because it was not a negotiated term of the agreement. Blackberry agreed and withdrew the covenant not to sue.

MAZ asserts that these two events during negotiation and the ultimate terms of the settlement agreement amounts to Blackberry's express agreement that the settlement agreement that Blackberry would not assert a claim preclusion defense against MAZ's future assertion of Blackberry's infringement of the '358 patent.

The Court disagrees with MAZ. Even if it was proper evidence to consider in a Rule 12(b)(6) motion, the support cited by MAZ does not amount to a express agreement that Blackberry would waive a claim preclusion defense for MAZ's claims of infringement of the '358 patent. Instead, it is an express agreement regarding the settlement of MAZ I and MAZ II and the licensing of the patents in suit in those cases,

the '681 and '626 patents. At best, the negotiations between the parties show that Blackberry was not interested in licensing the '358 patent and MAZ's other patents at the time of the settlement. This is insufficient to conclude that the failure of Blackberry to license the '358 patent from MAZ was also an express agreement that Blackberry was waiving a defense that it has the right to assert in possible future litigation with MAZ. A diversion from the normal rules of claim preclusion must be done by express agreement. *Aspex Eyeware*, 672 F.3d at 1346. This settlement agreement is not an express agreement that Blackberry was waiving its defense of claim preclusion in this case.

The Court next addresses MAZ's argument that the claims of this lawsuit are not barred by claim preclusion because the patent in suit in this case was not a patent in suit in MAZ I or MAZ II and the claims of the patent in suit here are materially different from those in MAZ I and MAZ II.

This ultimately amounts to an argument that Blackberry cannot meet the fourth element of claim preclusion. The element is "that the same claim or cause of action is involved in both suits." *Duffie*, 600 F.3d at 372. Whether or not a claim or cause of action is the same is determined by the transactional test, and if there is a substantial overlap between the transactions of an earlier cause of action and the transactions of a later cause of action, then the later cause of action is the same cause of action as the earlier cause of action, for claim preclusion purposes. *SimpleAir*, 884 F.3d at 1165. In patent cases, major transactional facts for consideration are overlap in the patents in

suit and overlap in the accused devices. *Aspex Eyeware*, 672 F.3d at 1341. Patent claims from a patent in suit in a new suit can overlap with patent claims in a patent in suit in previous litigation, even if the patent in the new suit was not asserted in the old suit, if the claims of the patent in the new suit are not materially different from the claims of the patent in the old suit.

In this case, the asserted claims of the '358 patent are not materially different from the claims of the '681 patent of MAZ I. Blackberry, in the Motion, presents a side by side comparison of the independent patent claims of the '358 patent, which are claims 1, 6, and 11, and the patent claims of the '681 patent. This comparison shows that there are no material differences between the independent claims of the '358 patent and the claims of the '681 patent. This is clear enough that MAZ does not dispute or even address this issue in its briefing on the matter.

MAZ's briefing on the material difference of the claims is limited to MAZ's assertion that at least dependent claims 4, 7, and 12 are patentably distinct from the claims of the '681 patent. MAZ points out that these dependent claims, which depend from independent claims 1, 6, and 11, respectively, all add a "DES algorithm" limitation. MAZ simply concludes, without elaboration, that since these dependent claims require the use of a DES algorithm and none of the claims of the '681 patent require a DES algorithm, then these claims must be patentably distinct from the claims of the '681 patent.

The Court disagrees. The DES algorithm limitation, refers to a specific process used to encrypt and decrypt a document, which has been known in the art long before the application that led to the '358 was filed. '358 patent 3:34-43. The independent claims each require that a document either be encrypted or decrypted. '358 patent 9:58-64; 10:31-37; 10:65-11:6. The independent claims do not specify a specific method that must be used to encrypt or decrypt the document. *Id.* This leaves open the possibility of using any appropriate method to do this. The dependent claims specifically specify that the method used must be a DES algorithm. '358 patent 10:10-12, 10:38-40; 11:7-9.

In terms of being patentably distinct and materially different, the DES algorithm limitation of the independent claims does little to change the analysis of the independent claims. The only change is to require that the specific method of encryption or decryption be a DES algorithm. The independent claims of the '358 patent still require encryption or decryption. The claims of the '681 patent, which are not materially different than the independent claims of the '358 patent, also require encryption or decryption. The claims of the '681 patent, like the independent claims of the '358 patent, do not specify any required encryption or decryption method. When practicing the claims of the '681 patent, a DES algorithm could be used to encrypt or decrypt the documents. This does not amount to a material difference in the dependent claims of the '358 patent and the independent claims of the '681 patent.

In addition, the dependent claims of the '358 are, by definition, narrower in scope than their respective independent claims. If the scope of the independent claims of the '358 patent is not materially different than the scope of the claims of the '681 patent, then narrowing the scope of one of the independent claims of the '358 patent will not take the narrowed claim out of the scope of the '681 claims. The narrower claim would still be encompassed within the scope of the '681 claim, since the broader claim is also encompassed by the scope of the '681 claim. For these reasons, the Court finds that claims 4, 7, and 12 of the '358 patent are not materially different from the claims of the '681 patent.

In addition to there being a non-material difference in the claims asserted in the first suit as compared to those of the second suit, an overlap in accused devices is also a critical transactional fact to consider when determining whether a new cause of action is the same as an old cause of action. In this case, there is no genuine dispute that there is overlap of accused devices. The accused devices in this suit are "the Blackberry 10 series products that runs Blackberry 10 OS (including but not limited to at least the Blackberry Z30, Z10, Z3, Q10, Q5, P'9982, Passport, and Playbook)" Amended Complaint for Patent Infringement, ECF. No. 21 at ¶ 17. In MAZ I, the accused devices were "Blackberry Enterprise Solution" and devices that operated this enterprise solution, like the Blackberry 10 series, Blackberry playbook. Defs.' Appx., Doc. No. 26 at 3, 12, 14, 18. Blackberry asserts that these are the exact same accused devices, and

MAZ does not contest this. The Court agrees with Blackberry that the accused devices in this case are exactly the same as the accused devices in MAZ I and MAZ II.

Since the accused devices are the same in this case as in MAZ I and the scope of the patent claims in issue in this case and in MAZ I are not materially different, there is substantial overlap between the transactional facts of this case and MAZ I. This strongly supports a finding that the forth element of claim preclusion, which is that the same claim or cause of action is involved in both suits, is satisfied.

The Court also finds that other considerations that the Fifth Circuit directs must be considered also support this finding. In the Fifth Circuit, what factual grouping makes up a transaction is to be determined pragmatically giving weight to such consideration as whether the facts are related in time, space, origin, or motivation, whether they form a conventional trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. *Houston Prof'l Towing*, 812 F.3d at 447.

In this case, a number of facts are related in time, space, origin, and motive. Both the '358 patent and the '681 patent come from the same patent family and, as discussed above, patent very similar inventions; both of these patents were issued at the time of MAZ I; both have now been asserted to be infringed by the same devices; and both are intended to protect MAZ's inventorship interest in these inventions. Considering these facts, this amounts to clear relation and overlap in time, space,

origin, and motive between the causes of action asserted here and those that were or could have been asserted in MAZ I.

Furthermore, considering the substantial overlap and relationship of these facts, the Court finds that these facts form a conventional trial unit and their treatment as a unit conforms to the parties' expectations or business understanding or usage. A party, who files a patent infringement lawsuit asserting one patent against a set of accused devices would also be expected to include in that lawsuit allegations of infringement of another closely related patent that was also infringed by the same accused devices. The treatment of infringement of both patents forms one trial unit that conforms to the expectations of the parties.

The is no real dispute as to the other three elements of claim preclusion. These elements are 1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; 2) the judgment in the prior case was rendered by a court of competent jurisdiction; and 3) there has been a final judgment on the merits. *Duffie*, 600 F.3d at 372.

The parties agree that the first and second elements are satisfied. The parties to this litigation are the same as in MAZ I and MAZ II. The captions are different because Research in Motion Corporation changed its name to Blackberry Corporation during the pendency of MAZ I.

MAZ, in its briefing, appears to contest the third element. MAZ does not appear to contest that the Delaware Court's dismissal of the case with prejudice was not a

judgment on the merits of that lawsuit. Instead, it appears that MAZ's argument is that this was not a judgment on the merits for the '358 patent infringement claims because this case and MAZ I did not assert the same patents in suit, which appears to mix the third and forth elements of claim preclusion.

Regardless of MAZ's position on the matter, the Court finds that the third element, there has been a final judgment on the matter is satisfied. The reference to a judgment on the merits refers to the merits of the previous lawsuit regardless of what causes of action were asserted in that suit. A dismissal with prejudice is a final judgment on the merits for claim preclusion purposes. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). MAZ I and MAZ II were dismissed with prejudice by agreement of the parties. This is a judgment of the merits of both MAZ I and MAZ II.

The Court holds that claim preclusion bars at least some of the claims brought in this suit because all four elements are claim preclusion are satisfied. The analysis, however, does not end here because there is a dispute of what part of the claims are barred by claim preclusion.

MAZ asserts that if claim preclusion applies to the causes of actions of this case, then claim preclusion only bars the portion of this case that is based on acts of infringement that occurred prior to stipulation of dismissal in MAZ I and MAZ II. MAZ asserts that a portion of this case is based on acts of infringement that occurred after this date and that portion of the case is not barred by claim preclusion.

Blackberry argues that claim preclusion bars all causes of action in this case, regardless of when the alleged acts of infringement occurred, because the accused products in this case are the same accused products in MAZ I and MAZ II.

The Court disagrees with Blackberry. Claim preclusion only bars claims that could have been or should have been brought in the previous litigation. *Duffie*, 600 F.3d at 372; *Brain Life*, 746 F.3d at 1053-54. Claim preclusion bars particular infringing acts that are accused in a first action or could have been made subject to that action. *Brain Life*, 746 F.3d at 1053-54. Acts of infringement that occur after the final judgment of a case, could not have been brought in that case prior to the final judgment because they had not yet occurred at the time of entry of the final judgment. *Id.*

In this case, MAZ's assertion are not limited to acts of infringement that occurred before or after the judgment on the merits of MAZ I and MAZ II. MAZ has asserted that "Blackberry has been and is now infringing at least Claims 1, 4, 6, 7, 11, and 12 of the '358 Patent...." Amended Complaint for Patent Infringement, ECF. No. 21 at ¶ 17. The stipulation of dismissal of MAZ I and MAZ II was entered on January 10, 2017. MAZ's current allegations include acts of infringement that occurred up until the present. The portion of MAZ's infringement claims that are based on acts of infringement after January 10, 2017, were not ripe at the time of dismissal of MAZ I and MAZ II, could not have been brought in MAZ I and MAZ II, and are not barred by claim preclusion.

For these reasons, the Court holds that the portion of MAZ's claims that are based on acts of infringement that occurred on or before January 10, 2017 is barred by claim preclusion, but that the portion of MAZ's claims that are based on acts of infringement that occurred after January 10, 2017 are not barred by claim preclusion.

**E. Judicial Notice and Motions to Dismiss Under Fed. R. Civ. P. 12(b)6.**

MAZ also argues that the Court should not take judicial notice of the parties' previous settlements and that the pleadings before the Court do not support a Rule 12(b)(6) motion. For these reasons, MAZ argues that granting the Motion is not appropriate, and that the Court must provide MAZ with the opportunity to be heard on the issue of judicial notice.

The Court may take judicial notice of a fact that is not subject to reasonable dispute because it can accurately and readily determined from sources whose accuracy cannot be reasonably be questioned. FED. R. EVID. 201. The contents of the case records of MAZ I and MAZ II are just the type of records that the Court may take judicial notice of.

The Court agrees that, MAZ has a right to be heard on the issue of whether the Court should take judicial notice of these facts. "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and of the fact to be noticed. *Id*. However, the Court disagrees with MAZ's implication that MAZ has not already had an opportunity to be heard and that this requires a formal hearing before the Court. A party's request, in briefing, for a court to take judicial notice of a fact and the

opponent's opportunity to address the issue in briefing is sufficient to provide the opportunity to be heard regarding the propriety of taking judicial notice of facts. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 423 (5th Cir. 2013). An opponent's right to be heard before a court takes judicial notice of a fact does not, under all circumstances, require a formal hearing on the matter. *Id.*

In this case, MAZ has received notice of the Blackberry's request to take judicial notice of the case records of MAZ I and MAZ II. MAZ has also had the opportunity to be heard on the issue and to brief the issue in its response and sur-reply. MAZ failed to do so, except for asserting that it has a right to be heard. It did not take its opportunity to be heard by substantively briefing the issue. The Court also notes, that MAZ's appears to indicate that it believes that Blackberry is asking the Court to take judicial notice of the settlements. That is not what Blackberry is asking. Instead, Blackberry is asking the Court to take judicial notice of the case files of MAZ I and MAZ II. For these reasons, the Court hereby takes judicial notice of the case records of MAZ I and MAZ II.

MAZ also asserts that that this issue is not properly resolved as a Rule 12(b)(6) motion. The Court disagrees. In a motion to dismiss under Rule 12(b), a court may consider the complaint, any documents incorporated into the complaint by reference, and matter of which the court may take judicial notice. *Funk*, 631 F.3d at 783. The Court's ruling on the Motion are based on the complaint, the documents incorporated into the complaint by reference, and the matter of which the Court has taken judicial

notice. For this reason, a motion to dismiss under Rule 12(b)(6) is appropriate in this case and there is no need to convert the Motion to a motion for summary judgment.

**F. Conclusion**

The Court holds that MAZ's claims for patent infringement based on acts of infringement that occurred on or before January 10, 2017 are barred by claim preclusion, but MAZ's claims of patent infringement based on acts of infringement that occurred after January 10, 2017 are not barred by claim preclusion.

The Court therefore **GRANTS** the Motion **in part** as to the extent of MAZ's patent infringement claims that are based on acts of infringements that occurred on or before January 10, 2017 and **DENIES** the Motion **in part** as to the extent of MAZ's patent infringement claims that are based on acts of infringements that after January 10, 2017.

**SO ORDERED.**

Signed October 15th, 2018.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE